UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:25-cv-01213-FWS-SHK            Date: July 22, 2025
Title: Victor Aguirre et al v. Ford Motor Company et al

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER DENYING PLAINTIFFS' MOTION TO REMAND [11]**

In this case, Plaintiffs Victor Aguirre and Jessica Aguirre (together, "Plaintiffs") bring claims against Defendant Ford Motor Company ("Defendant") related to an allegedly defective car. (*See generally* Dkt. 1-1 ("Complaint" or "Compl.").) Defendant filed an Answer to the Complaint. (Dkt. 1-2.) Before the court is Plaintiffs' Motion to Remand. (Dkt. 11-3 ("Motion to Remand" or "Mot.").) Defendant opposes the Motion to Remand. (Dkt. 12 ("Opp.").) Plaintiffs filed a reply in support of the Motion to Remand. (Dkt. 13 ("Reply").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for July 24, 2025, (*see* Dkt. 11) is **VACATED** and off calendar. Based on the record, as applied to the applicable law, the court **DENIES** the Motion to Remand.

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted). A defendant may remove to federal district court a civil action brought in state court, but over which a federal court may exercise original jurisdiction. 28 U.S.C. § 1441(a). By statute, federal courts have diversity jurisdiction over suits with more than $75,000 in controversy if the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a). The removal statute is strictly construed against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If the court determines it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-01213-FWS-SHK    Date: July 22, 2025
Title: Victor Aguirre et al v. Ford Motor Company et al

lacks subject matter jurisdiction, the action shall be remanded to state court. 28 U.S.C. § 1447(c).

The burden of establishing subject matter jurisdiction falls on the defendant. *See Gaus*, 980 F.2d at 566. A defendant's notice of removal need include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54, (2014). But when "the plaintiff contests, or the court questions, the defendant's allegation" and "both sides submit proof," the defendant must prove the amount in controversy by a preponderance of the evidence. *Id*. at 554.

Plaintiffs argue that the Song-Beverly civil penalty and attorney's fee recovery are "not definitive enough to satisfy the amount in controversy requirement by a preponderance of the evidence. (Mot. at 4.) The court is not persuaded. "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018). Indeed, "civil penalties are not speculative and should be included." *Zeto v. BMW of North America, LLC*, 2020 WL 6708061, at *4 (S.D. Cal. Nov. 16, 2020) ("While courts may need to be wary of punitive damages inflating the amount in controversy as a general concern, not much scrutiny is needed when the Song-Beverly Act expressly states the contours of the damages, and Plaintiff requests that amount.") With the Motion, Plaintiffs submitted a Declaration of Andrew P. Matera ("Matera"), in which Matera attached "a true and correct copy of the Bill of Sale" for the vehicle at issue that reflects a purchase price of $55,570.00. (Dkts. 11-4 ("Matera Decl.") ¶ 2; 11-1 ("Bill of Sale".) Defendant agrees with the sale price reflected in the Bill of Sale. (*See* Opp. at 7.) Defendant estimates a mileage offset of $11,014.83 based on 23,798 miles of use after purchase, and a reduction of $2,140.00 because the sale price included an extended service contract. (*See* Mot. at 7-8; Dkt. 12-1 ¶ 2.) Using the mitigated sale price, Plaintiffs' potential recovery is $42,415.17 in restitution, plus up to $84,830.34 in civil penalties, bringing the amount in controversy to $127,242.52. (*See* Opp. at 8-10.) The court therefore finds that Defendant has met its burden and has adequately shown that "the Song-Beverly Act claims alone place the amount in controversy above $75,000." *Gruber v. Gen. Motors LLC*, 2023 WL 6457136, at *2 (C.D. Cal. Oct. 3, 2023) (making this finding when "GM alleged in the NOR that the average manufacturer's suggested retail price of [the relevant vehicle] was $38,875").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-01213-FWS-SHK                                                         Date: July 22, 2025
Title: Victor Aguirre et al v. Ford Motor Company et al

    For the first time on reply, Plaintiffs argue that Defendant has "failed to show that complete diversity exists." (Reply at 2.) The Complaint does not allege Plaintiff's citizenship, residence, or intent to remain. (*See generally* Compl.) But the preponderance of the evidence demonstrates that Plaintiffs are residents of California—the bill of sale reflects a California address for Plaintiffs in 2022 and a repair record reflects a California address for Plaintiffs in 2024. (Dkts. 11-1; 12-1 ¶ 2.) Plaintiffs do not submit evidence rebutting the inference that Plaintiffs reside in California. (*See generally* Mot.; Reply.) Therefore, the court finds that in this case the preponderance of the evidence supports that Plaintiffs are citizens of California. *See Ghebrendrias v. FCA US LLC*, 2021 WL 5003352, at *3 (C.D. Cal. Oct. 28, 2021) (finding complete diversity based on a bill of sale and repair record where the plaintiff did not submit contradictory evidence). Because Defendant is a Delaware Corporation with its principal place of business in Michigan, the court finds that there is complete diversity in this case.

    In sum, the court finds that the amount in controversy exceeds $75,000 and complete diversity exists between the parties. The Motion to Remand is thus **DENIED**.